IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID E. BRAGG,

                Plaintiff,

v.                                  1:13-cv-904-WSD

BAYROCK MORTGAGE
CORPORATION, et al.,

                Defendants.

## ORDER

This matter is before the Court on David E. Bragg's ("Plaintiff") Motion for Default [7].

On March 21, 2013, Plaintiff, proceeding *pro se*, filed his Complaint [3] and an application to proceed *in forma pauperis* [1]. On March 26, 2013, Magistrate Judge Gerrilyn G. Brill granted the application to proceed *in forma pauperis* and directed the Clerk to submit this matter to the Court to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

On March 27, 2013, the Court dismissed Plaintiff's action for lack of subject-matter jurisdiction [4]. The Court found that Plaintiff's Complaint asserts only state-law claims and that complete diversity does not exist among the parties because Plaintiff and Defendants Bayrock Mortgage Corporation and Shuping,

Morse & Ross, LLP, are all citizens of Georgia.

On June 3, 2013, Plaintiff moved for entry of default against Defendants "for failure to serve any paper . . . or file any paper as required by law." (Mot. for Default at 1). Because the Court dismissed this action for lack of subject-matter jurisdiction, Plaintiff's Motion for Default is denied as moot. See McEntees Ins. Agency, Inc. v. Valley Nat'l Bank, No. 1-06-cv-1952-GET, 2006 WL 1097839, at *5 (N.D. Ga. April 21, 2006) (denying as moot plaintiff's motion for default judgment because the court lacked subject matter jurisdiction over the action).[1]

Accordingly,

**IT IS HEREBY ORDERED** that David E. Bragg's Motion for Default [7] is **DENIED AS MOOT.**

---

[1] On April 16, 2013, Plaintiff filed his "Objections & Responses to the Motion to Dismiss" [6], in which he appears to argue that the Court's March 27th Order dismissing this action constitutes a violation of due process, a violation of his right to a trial by jury, and otherwise generally violates his constitutional rights. To the extent Plaintiff intended to move for reconsideration of the Court's March 27th Order, Plaintiff does not assert the existence of newly-discovered evidence, an intervening development or change in controlling law, or a need to correct a clear error of law or fact. Plaintiff's arguments are nonsensical and conclusory, and he fails even to address the sole basis for dismissal of this action—that the Court lacks subject-matter jurisdiction over his claims. Plaintiff is not entitled to relief from the Court's March 27th Order and his "Objections & Responses," to the extent it may be construed as a motion for reconsideration, is denied. See Fed. R. Civ. P. 59(e), 60(b); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) ("A motion for reconsideration is appropriate when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law, or (3) a need to correct a clear error of law or fact.").

3

**SO ORDERED** this 23rd day of December, 2013.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE